Filed 10/7/24  In re A.B. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re A.B. et al., Persons Coming Under the Juvenile Court Law. | C099269 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. Nos. JD240796, JD240926) |
| Plaintiff and Respondent, | |
| v. | |
| M.B., | |
| Defendant and Appellant. | |

M.B., father of minors A.B. and N.B., appeals from the juvenile court's orders entered at the Welfare and Institutions Code section 366.26 selection and implementation hearing placing minors in a permanent plan of guardianship.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Father's sole contention on appeal is that the Sacramento County Department of Child, Family and Adult Services (Department) failed to conduct an adequate inquiry into minors' possible Native American heritage under the Indian Child

---

[1]     Undesignated statutory references are to the Welfare and Institutions Code.

1

Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.; § 224.2.) The Department does not dispute that the inquiry in this case was inadequate and asks that the juvenile court's orders be conditionally affirmed subject only to full compliance with ICWA. We shall conditionally reverse for further ICWA compliance.

BACKGROUND

On September 1, 2020, the Department filed a nondetaining section 300 petition on behalf of minor A.B. On September 15, 2020, the Department filed a first amended petition, alleging that A.B. came within section 300, subdivisions (a) and (b)(1) due to her parents' ongoing domestic violence. The Department obtained a protective custody warrant to take A.B. into protective custody.

At the September 22, 2020, detention hearing, father's and mother's appointed counsel denied that either parent had Native American heritage. Father's counsel filed a Parental Notification of Indian Status (Judicial Council Forms, form ICWA-020) (ICWA-020) form indicating that father had no Native American ancestry. In October 2020, the Department communicated again with mother, and she denied any Native American heritage.

On October 30, 2020, the Department filed a section 300 petition on behalf of minor N.B. Prior to filing the petition, the Department asked mother about possible Native American ancestry, and she gave no reason to believe that N.B. may be an Indian child. The Department also obtained a protective custody warrant and placed N.B. into protective custody.

At the November 3, 2020, detention hearing for N.B., parents' appointed counsel represented that neither parent had Native American ancestry. Both father's counsel and mother's counsel filed ICWA-020 forms indicating that parents had no Native American heritage. The juvenile court found no reason to know and no reason to believe that N.B. was an Indian child and concluded that ICWA did not apply. On November 4, 2020, father repeated to the Department that he had no Native American ancestry.

2

At the December 16, 2020, contested jurisdiction/disposition hearing, the juvenile court found that neither A.B. nor N.B. was an Indian child. The juvenile court assumed jurisdiction, adjudged A.B. and N.B. dependent children of the court, ordered them removed from parental custody, and ordered that reunification services be provided to parents.

On June 30, 2022, at the 18-month review hearing, minors were returned to father's custody with family maintenance services. Approximately four months later, father was arrested, and his home was found in deplorable condition. On October 31, 2022, the Department filed section 387 petitions on behalf of both minors. The juvenile court sustained the allegations in the petitions and set the matter for a section 366.26 hearing. It did not revisit its earlier findings that ICWA did not apply.

The section 366.26 hearing concluded in August 2023. Multiple paternal relatives had come forward to participate in the proceedings or to seek custody of minors. The juvenile court ordered minors placed with their caregivers in a permanent plan of guardianship. The juvenile court did not make any further findings regarding ICWA.

DISCUSSION

ICWA "protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings." (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) ICWA defines an "Indian child" as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) "Under ICWA's state analogue, the California Indian Child Welfare Act (Cal-ICWA; [citation]), courts and child welfare agencies are charged with 'an affirmative and continuing duty to inquire whether a child . . . is or may be an Indian child' in dependency cases." (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125 (*Dezi C.*); § 224.2, subd. (a).) "This 'duty to inquire begins with the initial contact, including, but

3

not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' " (*Dezi C.*, at p. 1132.) "When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also [Cal. Rules of Court,] rule 5.481(a)(4).)" (*Ibid.*, fn. omitted.) "If the inquiry establishes a reason to know an Indian child is involved, notice must be provided to the pertinent tribes. (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)" (*Id.* at p. 1133.)

A juvenile court's finding that ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).) The court's "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

In this case, father contends that the Department failed to conduct an adequate initial inquiry into whether minors have Native American heritage. He notes that he reported having eight siblings and that he was in contact with each of them. He asserts that numerous paternal relatives were known to the Department, but the Department failed to ask the majority of them about potential Native American ancestry. He argues that once minors were placed into custody, section 224.2, subdivision (b) required the Department to inquire with members of minors' extended family. That provision states: "If a child is placed into the temporary custody of a county welfare department pursuant to Section 306 or county probation department pursuant to Section 307, the county welfare department or county probation department has a duty to inquire whether that child is an Indian child. Inquiry includes, but is not limited to, asking the child, parents,

4

legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled." (§ 224.2, subd. (b).)

In *In re C.L.* (2023) 96 Cal.App.5th 377, this court construed section 224.2, subdivision (b) to require child welfare agencies to contact extended family members in cases, like here, where the minor is taken into protective custody. (*In re C.L.*, at p. 386; see also *In re Delila D.* (2023) 93 Cal.App.5th 953, 972-973, review granted Sept. 27, 2023, S281447 [holding that child welfare agency's duty of inquiry under § 224.2, subdivision (b) is the same regardless of how the child was removed from the home].) Other courts have read the statute more narrowly (*In re C.L.*, at pp. 386-391), and the issue is currently being considered by our state Supreme Court. (*In re Ja.O.* (2023) 91 Cal.App.5th 672, review granted July 26, 2023, S280572.) We need not address the scope of the statute in this case, however, because the Department does not dispute father's claim. To the contrary, it concedes that the record does not reflect further inquiry with the available paternal family, and it requests conditional affirmance subject only to full ICWA compliance.

Our state Supreme Court recently held in *Dezi C.* that "an inadequate initial Cal-ICWA inquiry requires conditional reversal with directions for the child welfare agency to comply with the inquiry requirement of section 224.2, document its inquiry in compliance with [Cal. Rules of Court,] rule 5.481(a)(5), and when necessary, comply with the notice provision of section 224.3." (*Dezi C.*, *supra*, 16 Cal.5th at p. 1136.) In light of the Department's concession, our court's precedent in *In re C.L.*, and *Dezi C.*, we will conditionally reverse and remand the case to the juvenile court for further proceedings. The Department is to make additional inquiry and documentation efforts consistent with its duties, and the juvenile court shall hold a hearing thereafter to determine whether, in light of the outcome of the inquiry as documented, ICWA applies.

5

(*Dezi C*., at p. 1137.)  If the juvenile court determines that the inquiry is proper, adequate, and duly diligent and concludes that ICWA does not apply, any inquiry error is cured, and the judgment shall be reinstated.  (*Id.* at pp. 1137-1138.)  In contrast, if the inquiry reveals a reason to know that minors are Indian children, the tribe has been notified, and the tribe determines that minors are members or citizens, or eligible for membership or citizenship, of an Indian tribe, ICWA applies and the juvenile court must proceed in accordance with ICWA.  (*Id.* at p. 1138.)

DISPOSITION

The orders selecting guardianship as the permanent plan are conditionally reversed, and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of ICWA as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5).  If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and concludes that ICWA does not apply, the orders shall be reinstated.  If, however, the juvenile court concludes that ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with ICWA and California implementing provisions.

/s/
FEINBERG, J.

We concur:

/s/
KRAUSE, Acting P. J.

/s/
BOULWARE EURIE, J.

6